**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich, | ) CV 03-229-TUC-DCB |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| v. | ) **ORDER** |
| Dora Schriro, et al., | ) |
| Respondents. | ) |

Pending before the Court are Respondents' Motion for Reconsideration (dkt. 98) and Petitioner's Motion for Reconsideration (dkt. 99), both filed on November 1, 2005. The motions seek reconsideration of portions of the Court's September 23, 2005 Order (dkt. 93), which ruled on Petitioner's motions for evidentiary development.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Both parties seek reconsideration based solely on clear error or manifest injustice.

## **RESPONDENTS' MOTION**

Claim J alleges the (F)(6) aggravating factor was not supported by sufficient evidence and not proven beyond a reasonable doubt. The Court found that this claim was exhausted by the Arizona Supreme Court's independent sentencing review. (Dkt. 93 at 24-25.)

1 Respondents contend that finding was in error because Arizona's independent sentencing
2 review rests solely on state law grounds and could not exhaust a federal claim.  In <u>State v.</u>
3 <u>Brewer</u>, the Arizona Supreme Court made clear that its mandatory review of death sentences
4 is premised on the requirement of the Eighth and Fourteenth Amendments that a death
5 sentence not be imposed in an arbitrary and capricious manner.  170 Ariz. 486, 493, 826 P.2d
6 783, 790 (1992) (noting that "the obvious purpose of requiring mandatory appeals in capital
7 cases" is to "insure that the death sentence is properly and *constitutionally* applied")
8 (emphasis added).  Although the supreme court reviews compliance with the Arizona death
9 penalty statute, as noted by Respondents, the intention, at least in part, is to ensure the
10 sentence is constitutional.  By determining that the statute has been complied with, the court
11 ensures the sentence is not arbitrary and capricious.  In <u>State v. Watson</u>, the Arizona Supreme
12 Court noted that its obligation is not just to ensure that the death penalty can be justified
13 under state law, but also to fulfill the United States Supreme Court's mandate that no death
14 sentence be imposed arbitrarily and capriciously.  129 Ariz. 60, 63, 628 P.2d 943, 946 (1981).
15 Thus, independent sentencing review is intertwined with federal law, and can exhaust claims
16 that are encompassed in that review.  Therefore, the Court will deny Respondents' motion
17 to reconsider the procedural status of Claim J.

18 **PETITIONER'S MOTION**

19 **Exhaustion of Claim A, Ineffective Assistance of Counsel at Trial**

20 In its September 23 Order, the Court found that Claims A(2), in part, and A(5), in part,
21 were exhausted, but that the remaining portions of Claim A were procedurally defaulted.
22 Petitioner argues that the entirety of Claim A was included in the petition for review and
23 properly exhausted.  Petitioner had the opportunity to, and did, argue this issue in his
24 pleadings; thus, it is not a proper ground for a motion to reconsider.  See <u>United States v.</u>
25 <u>Rezzonico</u>, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (citing <u>Above the Belt, Inc. v. Mel</u>
26 <u>Bohannon Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)); <u>Backlund v. Barnhart</u>, 778
27 F.2d 1386, 1388 (9th Cir. 1985) (Rule 59(e) motion based on arguments previously raised
28 properly denied).  Further, as stated in the Court's order, the body of the petition for review

- 2 -

1  did not contain allegations sufficient to fairly present Claims A(1), A(3), A(4), or A(6)-(10).
2  (See PR Doc. 1.)  Although the entire PCR petition was included in an appendix, Petitioner
3  did not reference the PCR petition in the section regarding ineffective assistance of counsel
4  ("IAC") at trial or ask for review of the merits of all the IAC claims. (PR Doc. 1 at 9, 13-16.)
5  This did not satisfy the requirements of fair presentation.  See Baldwin v. Reese, 541 U.S.
6  27, 32 (2004) (requiring all claims to be presented to the state's highest court).

7  Petitioner relies on a new case, in which the Ninth Circuit held that claims were
8  sufficiently presented to the Washington Supreme Court, although not argued in the petition
9  for review, because the original petition was attached and contained the federal grounds for
10 each claim.  See Insyxiengmay v. Morgan, 403 F.3d 657, 668-69 (9th Cir. 2005).  In
11 Insyxiengmay, the court found that Washington law did not clearly bar incorporation of
12 arguments as long as they were contained in a document presented to that court, such as the
13 appendix.  In contrast, Arizona's rules explicitly require that the body of the petition for
14 review contain "[t]he issues which were decided by the [lower court] and that the petitioner
15 wishes to present to the Supreme Court for review."  Ariz. R. Crim. P. 31.19(c)(1).  Any
16 issues that the lower court did not reach but which may need to be decided if review is
17 granted must also be listed in the body of the petition. Id.  An appendix is required to include
18 any documents from the record necessary to a determination "of the issues *raised by the*
19 *petition.*"  Id. at 31.19(c).  Any issue not presented in the petition for review is deemed
20 waived.  See State v. Ikirt, 160 Ariz. 113, 117, 770 P.2d 1159, 1163 (1987); cf. State v.
21 Carver, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (in banc) (holding claims waived
22 if not argued in the body of the opening appellate brief pursuant to Rule 31.13(c)); State v.
23 Walden, 183 Ariz. 595, 605, 905 P.2d 974, 984 (1995) (in banc) (striking claims as waived
24 because supporting argument was in appendix not opening appellate brief), overturned on
25 other grounds by State v. Ives, 187 Ariz. 102, 108, 927 P.2d 762, 768 (1996); State v. Bolton,
26 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (in banc) (striking appendix to opening
27 appellate brief and finding claims raised or argued therein waived for violation of Rule
28 31.13(c)(1) & (4)).  Because Arizona law regarding incorporation is different from

1 Washington law, Insyxiengmay is not controlling and does not alter the Court's analysis
2 regarding the procedural status of Claim A.

### Incompetent Post-conviction Counsel as Cause for Default

Petitioner alleges, as he did in the Traverse, that any failure to properly exhaust claims attributable to PCR counsel's incompetence constitutes cause because the incompetence amounted to a due process violation. As stated in the Court's order, IAC during a proceeding in which there is no constitutional right to effective counsel is not an independent due process violation sufficient to establish cause to excuse the default of a claim. See Bonin v. Calderon, 77 F.3d 1155, 1160 (9th Cir. 1996); see also Pennsylvania v. Finley, 481 U.S. 551, 558-59 (1987) (where a state provides a lawyer in a state post-conviction proceeding, which is not constitutionally required, it is not "the Federal Constitution [that] dictates the exact form such assistance must assume;" rather, it is in a state's discretion to determine what protections to provide). Petitioner's motion to reconsider the Court's denial of incompetent PCR counsel as cause to excuse the default of any claims will be denied.

### Denial of Resources in State Court as Cause for Default

In the Traverse, Petitioner made a one-sentence conclusory argument that cause to excuse the default of any portion of Claim A was the denial of resources in state court. (Dkt. 75 at 24.) The Court denied that assertion as cause, concluding that Petitioner had not demonstrated that a lack of resources precluded him from alleging any claims, even if he had been unable to prove them. Petitioner now seeks to expand the original argument by providing an example of how he was unable to allege a certain claim due to resources, and by alleging that lack of funding created a conflict for counsel between the interests of his client and his own pecuniary interest. This is not the proper vehicle to advance new arguments that Petitioner failed to present in his original pleadings. See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 925-26 (9th Cir. 1988) (motion for reconsideration is not the place for the moving party to make new arguments not raised in its original briefs).

Further, the specific example Petitioner now provides is not meritorious. Petitioner

- 4 -

argues that a lack of resources precluded PCR counsel from fully raising a claim of IAC at trial for failing to interview and secure Phillip Shell's presence at trial, Claim A(3). With his limited resources, Petitioner in fact raised that claim in the PCR petition (ROA-PCR 13 at 14-15); it was found precluded because he failed to raise it in his petition for review (see dkt. 93 at 11). This same pattern was true for several other IAC allegations included in Claim A. Petitioner's request that the Court reconsider the denial of resources in state court as cause to excuse the default of portions of Claim A will be denied.

**Lack of Funding by This Court**
**Aggravator Relevant to Fundamental Miscarriage of Justice Argument**

First, Petitioner contends the Court should reconsider the denial of any claims or arguments that was based on a failure of proof, because the lack of evidentiary support is due to the Court's restriction on investigatory funds.[1] The Court did not deny relief because Petitioner could not "prove" particular facts; rather, the Court denied relief on particular claims or arguments because Petitioner did not *allege* sufficient facts to support his arguments. Below, the Court addresses the specific rulings with which Petitioner takes issue.

Petitioner alleges in one sentence in an introductory section of the Traverse that, if the Court found any claims to be unexhausted, he had an available remedy in state court. (Dkt. 75 at 12.) The Court did not err in finding that this minimal reference was not sufficient to demonstrate the availability of a remedy as to any specific claims. (Dkt. 93 at 12 n.6.) As to Claims A and C(1), Petitioner made a very general allegation that there will be a fundamental miscarriage of justice if these claims are not heard on the merits, but he did not *allege* or reference any specific evidence. (Dkt. 75 at 26, 99.) Because a miscarriage of

---

[1] The Court authorized some investigatory funds during Phase II of this case, and informed Petitioner's counsel that additional funds would only be authorized upon a specific showing of the issues to be investigated and the facts demonstrating such investigation was necessary. (Dkt. 30 at 2.) The Court found that Petitioner's requests for additional hours failed to provide sufficient justification for such resources. (See Dkts. 35, 37, 52, 53, 69, 74.)

- 5 -

1 justice argument requires new evidence,[2] the Court did not err in finding these vague
2 assertions insufficient to warrant further consideration. Petitioner argues that he did provide
3 evidence that he is innocent of the crime and the death penalty. However, he did not allege
4 or rely on any such evidence to support the claims or arguments which he now cites as
5 having been erroneously denied, nor did he ask for evidentiary development to support a
6 fundamental miscarriage of justice argument. (See Dkt. 75 at 26, 99, 130, 188, 194, 196,
7 199, 202, 210; Dkt. 81.)

8 Second, Petitioner argues that the Court erred in not finding a fundamental
9 miscarriage of justice based on innocence of the death penalty as to Claims D(2) (in part),
10 K, M-P and R, and that a lack of resources precluded Petitioner from definitively disproving
11 the aggravating factor. To establish a fundamental miscarriage of justice based on innocence
12 of the death penalty, a petitioner must demonstrate that no reasonable factfinder would have
13 found the existence of any aggravating circumstance. See Sawyer v. Whitley, 505 U.S. 333,
14 336 (1992). A review of the Traverse reveals that Petitioner did not *allege*, as to any of the
15 claims at issue, that no reasonable factfinder would have found the (F)(6) aggravating factor;
16 nor did Petitioner incorporate or reference other portions of his briefing within the arguments
17 on those claims. (Dkt. 75 at 130, 188, 194, 196, 199, 202, 210.) It is not sufficient that
18 Claim J alleged separately that the (F)(6) aggravator was not supported by sufficient
19 evidence, when Petitioner did not make such an allegation or reference that argument in
20 relation to his miscarriage of justice arguments on Claims D(2) (in part), K, M-P and R.
21 Petitioner's motion as to these issues will be denied.

**Premature Rulings on Available Remedies in State Court**

23 Petitioner argues that this Court erred in making determinations as to whether
24 Petitioner has an available remedy in state court for any claims found not to have been

---

[2] Petitioner asserts that the Court misstated the standard for miscarriage of justice by requiring "new evidence." While Petitioner is correct that the supporting evidence need not be "newly discovered," proof of actual innocence requires "new reliable evidence," meaning evidence not presented at trial. See Schlup v. Delo, 513 U.S. 298, 328, 324 (1995).

- 6 -

1 previously raised in state court, because Petitioner is currently litigating those claims in state
2 court. First, Petitioner's concurrent PCR petition in state court was summarily dismissed by
3 the superior court on May 6, 2005; therefore, the only avenue of relief available is
4 discretionary review by the Arizona Supreme Court. Regardless, as pointed out in the
5 Court's order, because Petitioner has not finished presenting those claims in state court, none
6 of the claims have been exhausted by virtue of the successive petition, and it was the Court's
7 role to assess whether there was presently a remedy available in state court. See Ortiz v.
8 Stewart, 149 F.3d 923, 931 (9th Cir. 1998) (finding that it is the district court's role to
9 determine if there is a remedy available in state court for claims that have never been
10 presented). Although Petitioner argues generally that it was "premature" for the Court to
11 address the availability of relief in state court, he does not point to any specific claims for
12 which he believes the Court's assessment of the availability of a remedy was erroneous.
13 Petitioner's request to reconsider all of its findings of procedural default as premature will
14 be denied.

**State Court Fact Finding Regarding Claim C(5)**

16 Petitioner argues the Court erred in concluding that Petitioner challenged only one of
17 the four state court factual findings regarding juror bias; rather, he contends he challenged
18 the fact finding as to all four jurors. Under the AEDPA, Petitioner cannot obtain relief on
19 a claim adjudicated on the merits in state court unless the state court ruling is an
20 unreasonable application of Supreme Court law or it was based on an unreasonable
21 determination of the facts. 28 U.S.C. § 2254(d)(1) & (2). In the Traverse, Petitioner argued
22 that the state court unreasonably applied Supreme Court law as to all four challenged jurors.
23 (Dkt. 75 at 122-24.) Petitioner then argued that the state court fact finding was unreasonable
24 as to Mr. Carpenter *only*. (Id. at 124.) It is not for the Court to surmise Petitioner's
25 arguments and to presume that his general arguments are intended to be a (d)(2) factual
26 challenge, when he does not set forth such an argument.

27 To the extent Petitioner is now challenging the state court fact finding–that the other
28 three jurors, Ms. Sigrest, Mr. Fitzgerald and Ms. Drewnicky, were not biased–the Court finds

1 that those determinations were not objectively unreasonable. Petitioner's motion for
2 reconsideration regarding Claim C(5) will be denied.

### Eighth Amendment's Application to Trial Issues

The Court dismissed Petitioner's Eighth Amendment allegations as to Claims A and C because those claims related solely to Petitioner's conviction. Petitioner argues that error may have occurred at trial for which the remedy would be relief from his death sentence, thus, the Eighth Amendment could be applicable. The only relief Petitioner sought as to Claims A and C is a reversal of his conviction, not his sentence. (See Dkt. 31 at 48, 50, 53, 86.) Petitioner's request to reconsider its denial of the dismissal of the Eighth Amendment aspect of Claims A and C will be denied.

### Evidentiary Hearing Regarding Claims E and F

In the motion for evidentiary development, Petitioner stated that he did not need a hearing on Claims E and F, unless the Court determined that it needed to conduct a harmlessness analysis. The Court stated that it would sua sponte determine if a hearing was necessary when it considers the claims on the merits. Petitioner does not point to any error in that decision, but requests leave to brief the issue if the Court determines that a harmlessness analysis is necessary. There is no basis to reconsider the Court's prior ruling as there was no error or manifest injustice; however, if briefing is warranted at a later date the Court will call for it at that time.

Accordingly, **IT IS ORDERED** that Respondents' Motion to Reconsider (Dkt. 98) and Petitioner's Motion to Reconsider (Dkt. 99) are **DENIED**.

DATED this 29th day of November, 2005.

David C. Bury
United States District Judge

- 8 -