**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-03-229-TUC-DCB<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

      The Court granted an evidentiary hearing on Claim B of the Amended Petition, to the extent it alleges ineffective assistance of counsel at sentencing for failure to investigate and present mitigation evidence.  A status conference is scheduled for June 12, 2006, to discuss the intermediate deadlines leading up to the hearing.  The Court directs the parties to confer and file by **June 2, 2006**, a joint report proposing deadlines for the following activities:

      1.     Petitioner's disclosure of fact witnesses with a summary of their testimony.  The parties should be prepared to discuss at the conference their proposal regarding the best method for the parties to present fact witness testimony (i.e., the Court is inclined to limit the number of live fact witnesses and to receive additional testimony by declaration).

      2.     Respondents' disclosure of fact witnesses with a summary of their testimony.

      3.     Petitioner's disclosure of expert witnesses, their reports and any data on which their conclusions are based.  The parties should be prepared to discuss at the conference their proposal regarding the best method for the parties to present expert testimony.  For any experts whose testimony is presented live at the evidentiary hearing, the Court is not inclined

1  to grant their deposition.

2      4.    Respondents' disclosure of expert witnesses, their reports and any data on
3  which their conclusions are based.

4      5.    Petitioner's and Respondents' disclosure of documentary evidence upon which
5  the party intends to rely in support of a claim or defense.

6      6.    Filing of Petitioner's and Respondents' final witness and exhibit lists.

7      7.    Filing of motions in limine.

8  For the above-requested deadlines, counsel may propose actual dates or a specific
9  number of days preceding or following a particular event (i.e., 60 days before the hearing).
10 If the parties are not in agreement on any of the issues listed above, the views of each party
11 shall be clearly stated in the report. Counsel should use the report to bring to the Court's
12 attention any other matters they believe relevant to conducting a fair and efficient evidentiary
13 hearing. Finally, the Court intends to hold the evidentiary hearing in October or November,
14 2006; the report should include any conflicts of which counsel is aware during those months.

15 At the end of the June 12 status conference, the Court will hold a brief ex parte
16 hearing with Petitioner's counsel to address any necessary budget matters.

17 **IT IS SO ORDERED**.

18 DATED this 7th day of May, 2006.

David C. Bury
United States District Judge