**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich, | No. CV-03-229-TUC-DCB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| | **SCHEDULING ORDER** |
| Dora Schriro, et al., | |
| Respondents. | |

**IT IS ORDERED** that, the Court having reviewed the parties' Joint Report and having conducted a Scheduling Conference on June 26, 2006, the parties abide by the following schedule and rules:

1. Petitioner's mitigation fact investigation shall be completed by **August 1, 2006**.

2. Petitioner shall disclose his list of fact witnesses, including an address, phone number and a summary of testimony for each person by **August 14, 2006**. This disclosure shall be filed with the Court.

3. Petitioner shall disclose his expert witnesses by **September 13, 2006**, and the disclosure shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). This disclosure shall be filed with the Court. Petitioner shall disclose to Respondents all of his mental health data in his possession, whether or not Petitioner and/or his experts intend to rely upon it.

4. Respondents shall disclose their list of fact witnesses, including an address, phone number and a summary of testimony for each person by **October 13, 2006**. This disclosure shall be filed with the Court.

5. Respondents shall disclose their expert witnesses by **November 13, 2006**, and the disclosure shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). This disclosure shall be filed with the Court.

6. Both parties shall disclose any witness statements, declarations, affidavits, and/or depositions on which they intend to rely in lieu of live testimony by **December 4, 2006**. The parties shall file only a notice of such disclosure, the actual disclosures need not be filed with the Court at this time.

7. The parties are under a continuing obligation throughout the discovery process to supplement or correct prior disclosures as set forth in Federal Rule of Civil Procedure 26(e)(1).

8. The parties shall disclose and file with the Court their final list of witnesses, exhibits and any stipulations by **January 3, 2007**, and shall attach copies of all statements, declarations, affidavits, and/or depositions on which each party intends to rely in lieu of live testimony. The Court finds that a comprehensive pre-hearing memorandum is not necessary; therefore, the parties should <u>not</u> file a formal joint pre-hearing document compiling all facts and law at issue.

9. Any motions, including motions in limine, shall be filed by **January 12, 2007**. Responses to any motions are due by **January 19, 2007**.

10. A pre-hearing conference is scheduled for **January 26, 2007, at 10:30 a.m.**, at which time the Court will resolve any pending motions.

11. The evidentiary hearing is scheduled to begin **Tuesday, February 6, 2007, at 9:30 a.m.**, and it shall be completed by Friday, February 9, 2007. Rule 8 of the Rules Governing Section 2254 Cases provides that the Court "*must* conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." Rule 8, 28 U.S.C. foll. § 2254 (emphasis added). Based on the information provided by the parties to date and the fact that the hearing was granted in January 2006, the Court finds that the schedule set forth above provides adequate time for investigation and preparation. The Court expects both parties to be prepared for the hearing as scheduled, and it will not be continued

1  absent extraordinary circumstances.

2      12.    The deadlines set forth in this Order cannot be extended by counsel without
3  Court approval. Any requests for extensions must be made in writing prior to the expiration
4  of the time prescribed. The request must identify whether it is opposed, the number of prior
5  continuances requested, the discovery conducted to date, the anticipated discovery to be done
6  if the request is granted, and the reasons why discovery has not been completed within the
7  deadline. Motions to continue Court-imposed deadlines must be accompanied by a form of
8  order for the Court's signature that complies with LRCiv 7.1(b)(2) & (3) and the Electronic
9  Case Filing Administrative Policies and Procedures Manual Section II.G.1.

10      13.    In the event of a dispute over disclosure and/or discovery matters, counsel are
11  cautioned to first engage in personal consultation regarding the dispute and to make a sincere
12  effort to resolve the conflict. Counsel should act to resolve disputes quickly. If such efforts
13  fail, counsel should **jointly** call Capital Case Staff Attorney Heather Knee (520-205-4292)
14  to attempt resolution of the dispute. If the dispute cannot be resolved by consultation with
15  the staff attorney, moving counsel may then file a brief written motion setting forth the
16  specifics of the dispute. Moving counsel shall also file an appropriate certification pursuant
17  to Local Rule Civil 7.2(j).

18  DATED this 30th day of June, 2006.

David C. Bury
United States District Judge