**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich, | No. CV-03-229-TUC-DCB |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| Dora Schriro, et al., | **CASE MANAGEMENT ORDER** |
| Respondents. | |

Pending before the Court is Respondents' Motion for Extension of Time to Disclose Expert Witnesses (Dkt. 157); Petitioner filed a response requesting other time extensions (Dkt. 159). In this Order the Court also sets additional interim deadlines for the February evidentiary hearing.

Respondents' expert psychological witness deadline currently is November 13, 2006. Respondents assert that they have retained Dr. James Sullivan as their expert but he cannot complete a report until the end of December. While counsel cannot control the expert's schedule, it appears that Respondents may have been dilatory in beginning their search for an expert. As of August 30, 2006, when a stipulated contact visit request was filed, Respondents were aware that the Court had granted Petitioner's request for the appointment of psychologist Karen Froming. (See Dkt. 132.) Despite that knowledge, the instant motion suggests that Respondents retained an expert only recently.

The parties' joint report proposed, and the Court adopted, a two-month period of time between Petitioner's expert disclosure and Respondents' expert disclosure. Petitioner requested and obtained a two-week extension for his psychologist's initial report, which was

1  disclosed on September 27, 2006 (Dkt. 142); the final report was disclosed two weeks later
2  on October 11 (Dkt. 150).  Respondents did not object to the extension, requesting only that
3  they retain an eight-week time period for their expert disclosure. (Dkt. 135.) The Court does
4  not find sufficient grounds for the more than six-week extension (totaling 11 weeks between
5  disclosures) now requested.  Thus, the Court will grant the request in part and set
6  Respondents' disclosure deadline at December 15, 2006, which allows the expert two weeks
7  beyond his contact visit with Petitioner to complete his report.

8        Petitioner's response to Respondents' motion for time extension does not object to the
9  extension if the Court extends all subsequent deadlines by a similar length of time.  Under
10 the circumstances known to date, all of the pending deadlines remain viable; Petitioner's
11 argument presumes prejudice if such an extension is denied but does not identify any
12 deadline that cannot be met or activity that is precluded under the current schedule.  Both
13 parties will have disclosed all experts by the end of December (absent the need for a critical
14 new rebuttal witness), in time for the January 3, 2007 final witness list deadline.  To the
15 extent an unexpected circumstance jeopardizes any of the January deadlines, the Court will
16 address the schedule at that time with the intent of preserving the February hearing date.
17 Petitioner's request for an extension of all future deadlines is denied as is the accompanying
18 request for a status conference to set new deadlines.

19       Petitioner's counsel indicated at the June status conference that they were considering
20 filing motions for summary judgment, in particular with respect to the performance prong
21 of the *Strickland* analysis.  In light of the busy schedule leading up to the evidentiary hearing,
22 <u>the Court will not entertain any motions for summary judgment</u>.  The parties are, of course,
23 entitled to stipulate to any facts or issues, and the Court encourages the parties to work
24 together on any decisions that may expedite the evidentiary hearing.

25       In a contemporaneous ex parte order, the Court granted Petitioner's request for the
26 appointment of an expert in the areas of Fetal Alcohol Syndrome, Fetal Alcohol Effect and
27 chromosomal abnormalities, Dr. Christopher Cuniff.  In light of that appointment, the Court
28 finds it necessary to set separate deadlines for the disclosure of Dr. Cuniff's report, assuming

1 | Petitioner intends to use his testimony, and the state's responsive expert witness(es), if any.
2 | Accordingly,
3 | **IT IS ORDERED** that Respondents' Motion for Extension of Time to Disclose
4 | Expert Witnesses (Dkt. 157) is **GRANTED** in part. Respondents shall disclose and file their
5 | expert witness and Rule 26(a)(2)(B) report on or before **December 15, 2006**.
6 | **IT IS FURTHER ORDERED** that Petitioner's request for an extension of all
7 | deadlines and/or a status conference (Dkt. 159) is **DENIED**.
8 | **IT IS FURTHER ORDERED** that:
9 | 1. Petitioner shall disclose the expert report of Dr. Cuniff by **November 17,**
10 | **2006**, and the disclosure shall comply with Federal Rule of Civil Procedure
11 | 26(a)(2)(B). This disclosure shall be filed with the Court.
12 | 2. Respondents shall disclose any responsive expert witnesses to the report of Dr.
13 | Cuniff by **December 15, 2006**, and the disclosure shall comply with Federal
14 | Rule of Civil Procedure 26(a)(2)(B). This disclosure shall be filed with the
15 | Court.
16 | DATED this 2nd day of November, 2006.

David C. Bury
United States District Judge

- 3 -