**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich | ) CV 03-229-TUC-DCB |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| v. | ) **ORDER** |
| Dora Schriro, et al., | ) |
| Respondents. | ) |

Pending before the Court is Petitioner's Motion for Reconsideration (Dkt. 169), seeking reconsideration of the Court's November 20, 2006 Orders granting Respondents' psychologist and psychiatrist contact visits with Petitioner (Dkts. 166, 167).

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner's motion appears to be one based on clear error or manifest injustice.

Petitioner objects to Respondents' experts having contact visits for the following reasons: (1) Petitioner did not have time to object to the request and Respondents delayed seeking the visits; (2) the Court should determine the admissibility of the experts' testing results prior to the testing being conducted; and (3) there is no good cause for Respondents' experts to conduct in-person examinations. The Court disagrees and finds no basis to

reconsider its Order.

As counsel is keenly aware, there are many deadlines in the next few months requiring counsel and the Court to operate on shortened time frames.[1] The Court finds that any delay by Respondents in requesting the contact visits does not warrant their denial and, contrary to Petitioner's suggestion, the need for the scheduling of the visits during the proposed time frame is obvious based on Respondents' disclosure schedule. Although Petitioner had the advantage of Respondents stipulating to each of his requested contact visits, his requests for each such visit were filed with less time between the request and the visit than those filed by Respondents, and the Court expedited his requests. (*See* Dkts. 132, 138, 149, 154.) Counsel's consultation with their client prior to the contact visits can be conducted telephonically if their schedule does not allow for an in-person visit.

Petitioner contends that Respondents' expert's neuropsychological test results may be unreliable and, therefore inadmissible, if they are repetitive of tests recently conducted by Petitioner's experts, because the results may be artificially inflated due to a "practice effect." Petitioner contends the Court should determine the admissibility of any testing results prior to the testing being conducted because the disclosure of the results to the Court will be prejudicial. The Court declines Petitioner's suggestion that it rule on the admissibility of evidence that is not yet in existence nor sought to be admitted in order to avoid prejudicial disclosure; judges are presumed to consider only evidence found to be properly admissible. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("[t]rial judges are presumed to know the law and to apply it in making their decisions."), *overturned on other grounds by Ring v.*

---

[1] In the discussion regarding delay, counsel included an unwarranted and irrelevant accusation of improper conduct, suggesting that the Court's capital case staff attorney telephoned counsel for Respondents with the intent of assisting with their expert disclosure. Counsel's characterization of that call is inaccurate. The staff attorney contacted Respondents' counsel to inform her of the staff attorney's impending vacation and to inquire whether counsel anticipated any filings during that period. Soon thereafter the staff attorney made a similar call to counsel for Petitioner. Because both parties had disclosure deadlines occurring during the staff attorney's absence, these calls were made for the purpose of ensuring that the Court was prepared for any filings during that time period. The Court has repeatedly extended to Petitioner's counsel the same professional courtesy that has been granted counsel for the State.

*Arizona*, 536 U.S. 584 (2002); *Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997) (holding that appellate court "must assume that the trial judge properly applied the law and considered only the evidence he knew to be admissible.") (citing *Walton*, 497 U.S. at 653); *Ferrari v. United States*, 169 F.2d 353, 354-55 (9th Cir. 1948) (presuming that trial judge hearing a bench trial acted properly and did not consider evidence not admitted in that proceeding).

The Court finds no merit to Petitioner's argument that Respondents do not have good cause for their experts to conduct in-person examinations of Petitioner. *See Estelle v. Smith*, 451 U.S. 454, 465 (1981) (noting that when a defendant introduces psychiatric testimony to support a defense, the only effective means to counter that defense may be a psychiatric examination by the State's expert); *Karstetter v. Cardwell*, 526 F.2d 1144, 1145 (9th Cir. 1976) (holding that when defendant intends to rely on expert testimony for an insanity defense he may be ordered to submit to an examination by an expert for the State); *see U.S. v. Byers*, 740 F.2d 1104, 1120, 1121 (D.C. Cir. 1984) (finding cross-examination regarding psychiatric evidence insufficient because it is not an exact science and rebuttal requires contradictory opinion testimony); *cf. Ake v. Oklahoma*, 470 U.S. 68 (1985) (recognizing the critical need for access to expert psychiatric assistance and an examination when such evidence will be presented by the opposing party). At the time of Petitioner's sentencing, Arizona provided that a defendant who placed his mental condition at issue was subject to examination by an expert selected by the State. *See State v. Schackart*, 175 Ariz. 494, 500, 858 P.2d 639, 645 (1993). Implicit in the Court's contact visit orders was a finding of good cause and Petitioner has provided no basis to reconsider that finding.

As a final matter, if the Court denies the motion for reconsideration and allows the contact visits to occur, Petitioner requests that his counsel be present for the examinations and that they be videotaped. Petitioner contends these protections are necessary to protect his right to be free from self-incrimination, to consult with counsel, to due process and to allow for effective confrontation of Respondents' experts. The Court disagrees. Evaluations by the State's experts, in response to Petitioner raising his mental health as an issue and

1 relying on evidence from mental health experts, may be ordered and do not amount to a
2 custodial interrogation subject to the protections of *Miranda* and the Fifth Amendment. *See*
3 *Estelle*, 451 U.S. at 465, 468, 469 n.13 (limiting its application of Fifth Amendment
4 protections to state psychiatric evaluations conducted in the absence of a defendant initiating
5 a psychiatric exam or relying on psychiatric evidence); *Buchanan v. Kentucky*, 483 U.S. 402,
6 423-24 (1987) (holding that the Fifth Amendment is not implicated by the State's
7 introduction of psychological evidence to rebut a defense supported by psychological
8 evidence); *Williams v. Stewart*, 441 F.3d 1030, 1050 (9th Cir. 2006) (finding no *Miranda*
9 warning necessary when Petitioner sought mental health evaluation for purposes of
10 sentencing); *Karstetter*, 526 F.2d at 1145 (finding sanctions appropriate for defendant's
11 refusal to talk to State's experts because Fifth Amendment privilege not applicable when
12 defendant relies on expert testimony to prove insanity defense).

13       Petitioner's arguments ignore the critical fact that this is a collateral proceeding not
14 a re-sentencing and he has no constitutional entitlement to counsel. *See Pennsylvania v.*
15 *Finley*, 481 U.S. 551, 555 (1987).  Petitioner may consult with counsel prior to the
16 examinations, but he would not be entitled to the presence of his counsel during the
17 examinations even if he did have a Sixth Amendment right to counsel. *See U.S. v. Mattson*,
18 469 F.2d 1234, 1236 (9th Cir. 1972); *cf. Estelle*, 451 U.S. 470 n.14 (noting that appellate
19 court did not find a constitutional right to counsel during an examination).  Even counsel
20 concedes that she would merely observe; thus, no assistance of counsel would be provided
21 during the actual examination. *See Byers*, 740 F.2d at 1120, 1121 (holding the Sixth
22 Amendment not implicated for psychiatric interview, listing circuits in accord, and finding
23 that attorney observation has "no relationship to the Sixth Amendment's 'Assistance of
24 Counsel.'"). Counsel for Respondents was not present during the examinations of Petitioner
25 by his experts nor were those proceedings videotaped; effective confrontation of
26 Respondents' experts is ensured by the opportunity to depose them prior to, and cross-
27 examine them during, the evidentiary hearing, and to put on evidence in rebuttal.

28       The Court denies Petitioner's request to videotape Respondents' experts' contact

1  visits. Similarly, the Court will not order that Petitioner's counsel be allowed to be present
2  during the visits. If Respondents conclude that counsel's presence would not be disruptive
3  and consent to Petitioner's counsel's presence during any portion of the contact visits,
4  counsel may be present in an observation capacity within the parameters of any such consent.
5  Accordingly,
6  **IT IS ORDERED** that Petitioner's Motion to Reconsider (Dkt. 169) is **DENIED**.
7  **IT IS FURTHER ORDERED** that Petitioner's Motion to Exceed Page Limit for
8  motion to reconsider (Dkt. 170) is **GRANTED**.
9  DATED this 30\ :sup:`th` day of November, 2006.

David C. Bury
United States District Judge