**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich,           ) | No. CV-03-229-TUC-DCB |
|                                )  | |
| Petitioner,         ) | <u>DEATH PENALTY CASE</u> |
|                                ) | |
| vs.                            ) | |
|                                ) | |
|                                ) | **ORDER** |
| Dora Schriro, et al.,          ) | |
|                                ) | |
| Respondents.        ) | |
|                                ) | |

Pending before the Court is Petitioner's Motion for Clarification and Unopposed Motion for Extension of Time (Dkt. 173).

The Court's July 2006 scheduling order set the following disclosure deadline:

> Both parties shall disclose any witness statements, declarations, affidavits, and/or depositions on which they intend to rely in lieu of live testimony by **December 4, 2006**. The parties shall file only a notice of such disclosure, the actual disclosures need not be filed with the Court at this time.

(Dkt. 130.) On December 4, Petitioner disclosed to Respondents and the Court a list of witnesses on whose declarations they intend to rely, but provided only a few actual declarations to Respondents as Petitioner is not currently in possession of the remainder of them. Petitioner's counsel indicated their belief that disclosure of the actual declarations was not required at this time but recognized the possibility they misinterpreted the order; therefore, they seek clarification of the Court's scheduling order and a time extension if the declarations were supposed to have been disclosed by December 4.

1   The Court intended that the parties would disclose the actual declarations to one
2   another on December 4,[1] to allow sufficient time for the parties to challenge or rebut the
3   declarations prior to the scheduled evidentiary hearing.  With the knowledge that the
4   evidentiary hearing will begin on February 6, Respondents do not object to allowing
5   Petitioner until January 3, 2007, to disclose the actual declarations.  Therefore, the Court will
6   grant the requested extension but does not intend to extend other deadlines or the hearing
7   based on this unopposed request.  Additionally, the Court strongly encourages Petitioner to
8   complete the declarations as soon as possible and to disclose them as they become available.
9   Accordingly,
10  **IT IS ORDERED** that Petitioner's Motion for Clarification and Unopposed Motion
11  for Extension of Time (Dkt. 173) is **GRANTED**.  Petitioner shall complete disclosure of all
12  witness declarations upon which he intends to rely in lieu of live testimony on or before
13  **January 3, 2007**.
14  DATED this 6th day of December, 2006.

David C. Bury
United States District Judge

---

[1] The Court notes that it does not find the language of its Order ambiguous and Respondents experienced no difficulty interpreting it (*see* Dkt. 172). More significantly, in an ex parte sealed budget motion, one of the reasons counsel requested additional hours was the need to "draft declarations for the December 5 witness disclosure" (Dkt. 158 at 15); thus, it appears that as of October 27, 2006, counsel believed the Court's order required the disclosure of the actual declarations by the December deadline.