**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich, ) | CV 03-229-TUC-DCB |
| Petitioner, ) | <u>DEATH PENALTY CASE</u> |
| v. ) | |
| ) | **ORDER** |
| Dora Schriro, et al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's Motion to Preclude Petitioner from Testifying as a Witness for Respondents. Petitioner requests that the Court preclude Respondents from calling Petitioner as a witness at the upcoming evidentiary hearing on Petitioner's claim of ineffective assistance of counsel (IAC) at sentencing for failure to investigate and present available mitigating evidence. Additionally, Petitioner requests that the Court not draw an adverse inference from Petitioner's decision to remain silent at the evidentiary hearing.

As an initial matter, Petitioner contends that Respondents did not summarize the testimony they seek from Petitioner at the time they listed him as a witness. In their response to the motion, Respondents provided the following summary of subjects about which they intend to inquire of Petitioner: his cleft palate at birth, early childhood abuse, history of alcohol and drug abuse, head injuries, and the effect of these incidents on his behavior, as well as the information he provided to the examining experts. Respondents characterize the testimony they seek as limited to the factual grounds for Petitioner's assertions of mitigating

evidence and the extent to which he communicated that information to his attorney.[1]

First, Petitioner argues that Respondents have not demonstrated good cause for Petitioner's testimony, as required for a request that amounts to discovery. Respondents counter that they are not requesting discovery, solely live testimony from Petitioner at the hearing. Related to the good cause inquiry is Petitioner's contention that his testimony is not necessary to resolving his IAC-at-sentencing claim because the focus is on the acts and omissions of counsel and the attendant prejudice.

To the extent calling Petitioner as a witness amounts to "discovery," the Court finds that there is good cause because "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions." *Strickland v. Washington*, 466 U.S. at 691 (1984). Contrary to Petitioner's suggestion, Respondents are not required to accept without examination Petitioner's allegations and trial counsel's representations regarding the performance prong of the IAC claim. *See Bean v. Calderon*, 166 F.R.D. 452, 456-57 (E.D. Cal. 1996) (finding that good cause to depose petitioner is nearly self-evident regarding claim of IAC for failure to investigate mitigation because "respondents are entitled to discover not only counsel's version of what was said, but also petitioner's version as well"). Not only is Petitioner a central witness, albeit not the only one, regarding much of the alleged mitigation, but also he is uniquely knowledgeable about Respondents' intended inquiry regarding how his past experiences impacted his behavior and the information he relayed to others including the expert witnesses. Thus, to the extent a good cause finding is necessary, the Court finds it has been satisfied.[2]

---

[1] Petitioner requested additional briefing once Respondents provided a summary of the testimony they seek from Petitioner; because Petitioner had an opportunity to reply to the provided summary the Court does not find any additional briefing necessary.

[2] One of Petitioner's arguments, not supported by any legal foundation, is that Petitioner should be exempt from testifying at a formal proceeding about these matters because it will be humiliating, his memory of the traumatic facts may be impaired and not helpful, and other witnesses can provide a sufficient foundation for his allegations without his testimony. In light of the Court's finding of good cause, and the fact that Petitioner

1    Second, Petitioner contends that the privilege against self-incrimination applies to this
2  proceeding, particularly in light of the possibility that he will obtain a new sentencing
3  proceeding in state court if he prevails on the claim at issue.  Respondents counter that the
4  Fifth Amendment privilege is not applicable to this proceeding, particularly because the
5  possibility of incrimination is sufficiently remote.

6    The Fifth Amendment provides that no person "shall be compelled in any criminal
7  case to be a witness against himself."  U. S. Const. amend. V.  The protection precludes an
8  individual from being called involuntarily as a witness in a criminal prosecution and "also
9  privileges him not to answer official questions put to him in any other proceeding . . . where
10  the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414
11  U.S. 70, 77 (1973) (citing *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924)).  Thus, "the
12  availability of the privilege does not turn upon the type of proceeding in which its protection
13  is invoked, but upon the nature of the statement or admission and the exposure which it
14  invites." *Application of Gault*, 387 U.S. 1, 49 (1967).  The privilege is available for answers
15  "that would in themselves support a conviction . . . but likewise embraces those which would
16  furnish a link in the chain of evidence needed to prosecute the claimant." *Hoffman v. United*
17  *States*, 341 U.S. 479, 486 (1951).  Thus, Petitioner is correct that the privilege is potentially
18  applicable in a habeas proceeding that could result in a new trial or sentencing.

19    However, in a civil proceeding, a witness may not make a blanket assertion of his
20  Fifth Amendment privilege unless the court can conclude, based on the expected testimony,
21  that the witness could legitimately refuse to answer all relevant questions.  *See United States*
22  *v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982); *see also United States v Tsui*, 646 F.2d 365, 367
23  (9th Cir. 1981) ("blanket refusal to answer any question is unacceptable").  Petitioner has not
24  even attempted to demonstrate how the type of information Respondents have proposed
25  eliciting from him could be used against him in a future criminal proceeding.  There is

28  placed his personal history and mental health at issue in this proceeding, the Court rejects this argument.

- 3 -

nothing inherently incriminating in answering questions regarding mitigating evidence and communication with counsel about such evidence. Thus, the Court finds there is no basis for Petitioner's blanket assertion of the Fifth Amendment privilege.

"The only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis." *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). It is for a court to decide whether the privilege is justified, and that cannot be done until Respondents have a chance to challenge the invocation of the privilege in a particular instance. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951). Respondents may seek testimony from Petitioner at the evidentiary hearing and he may assert a Fifth Amendment privilege as to specific questions, at which time the Court will rule on the validity of the privilege.

Finally, Petitioner requests that the Court not draw an adverse inference from Petitioner's decision to remain silent at the evidentiary hearing; however, Petitioner did not provide any factual or legal argument in support of this request. It is the prevailing rule "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). The Court has not identified any cases in which a court excepted a habeas petitioner from that rule; to the contrary, the limited cases on point find application of an adverse inference appropriate. *See Bean*, 166 F.R.D. at 454-56; *State ex rel. Myers v. Sanders*, 526 S.E.2d 320, 326 (W. Va. 1999); *Lott v. Bradshaw*, No. 1:04-CV-822, 2005 WL 3741492, *10 (N.D. Ohio March 29, 2005). If Petitioner asserts a Fifth Amendment privilege at the evidentiary hearing the Court may draw an adverse inference in this habeas proceeding from that assertion.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Preclude Petitioner from Testifying (Dkt. 176) is **DENIED**.

DATED this 23rd day of January, 2007.

David C. Bury
United States District Judge

- 4 -