**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich, | ) CV 03-229-TUC-DCB |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| v. | ) **ORDER** |
| Dora Schriro, et al., | ) |
| Respondents. | ) |

Pending before the Court is Petitioner's Motion to Alter or Amend Judgment, seeking reconsideration of the Court's November 15 Order (Dkt. 260), which denied the remainder of Petitioner's claims and dismissed the Amended Petition.

A motion to alter or amend under Rule 59(e) is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner asserts that the Court's order was erroneous and manifestly unjust.

Petitioner contends it was error to not hold closing arguments after the evidentiary hearing on Claim B because the Court represented during the hearing that the parties would have such an opportunity. Petitioner argues that the lack of oral argument deprived him of

1 the chance to fully argue the evidence developed at the hearing and to make all available
2 prejudice arguments. As is evident from the Court's ruling and judgment, upon review of
3 the evidentiary hearing transcripts and all of the briefing, the Court concluded that additional
4 argument would not be helpful in resolving Claim B. Because argument is held solely for
5 the benefit of the Court, there is no error in the Court's decision not to hold it under the
6 circumstances. Further, Petitioner thoroughly raised, briefed, and developed Claim B in the
7 Amended Petition, Traverse, Motions for Evidentiary Development, subsequent reply briefs
8 and oral argument on the motions, post-hearing brief, and at the four-day evidentiary hearing.
9 (Dkts. 31, 75, 81, 82, 86, 90, 103, 259.)

10 First, Petitioner argues that he needed oral argument to rebut the portion of
11 Respondents' post-hearing brief regarding the applicable standard of review. (*See* Dkt. 262
12 at 4 (citing Dkt. 259 at 1-2).) Specifically, that the state post-conviction court's factual
13 findings are not entitled to deference and/or that Petitioner has rebutted them by clear and
14 convincing evidence. Because Petitioner does not point to any error or identify an erroneous
15 legal standard in the Court's Order, reconsideration on this ground is not warranted.

16 Second, Petitioner argues that at oral argument he would have been able to satisfy the
17 prejudice prong of *Strickland* as to Claim B. In support of this very general assertion,
18 Petitioner points only to a new declaration by Dr. Lauro Amezcua-Patino, which is attached
19 to his motion. Additional evidence would not have been admitted at post-hearing argument,
20 and it is not properly submitted with a motion for reconsideration. Additionally, the
21 declaration does not contain anything new, and the doctor's opinion was fully considered in
22 the Court's November 15 Order.

23 Third, Petitioner asserts that, at the anticipated post-hearing oral argument on Claim
24 B, he had planned to request an opportunity to amend his petition. Petitioner lists nine
25 claims, challenging both his conviction and his sentence, that he says were fully exhausted
26 in state court as of March 14, 2006. Petitioner had one year and eight months to seek
27 amendment after completing his state court proceedings. He asserts that he delayed in
28 making such a request because, if he had been granted relief on Claim B, he would not have

- 2 -

1 sought amendment; thus, requesting it earlier could have been a waste of resources. The
2 Court finds this argument unpersuasive, particularly as some of the claims he now seeks to
3 pursue are challenges to his conviction; it is unreasonable to suggest that counsel intended
4 to forego an allegedly meritorious conviction-related claim if Petitioner had obtained a new
5 sentencing. Regardless, the Court is not responsible for that tactical decision, and Petitioner
6 points to no error by the Court; therefore, reconsideration and reopening of the judgment is
7 not appropriate. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). As a final matter,
8 it appears that a request to amend would have been denied as futile because: the claims are
9 likely procedurally defaulted as they were dismissed based on a state court procedural rule;
10 they are likely time-barred under the AEDPA's statute of limitations; and Petitioner unduly
11 delayed seeking amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*,
12 59 F.3d 815, 845 (9th Cir. 1995).

      Accordingly, **IT IS ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 262) is **DENIED**.

      DATED this 5th day of December, 2007.

_____
David C. Bury
United States District Judge