**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Detrich,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-03-00229-TUC-DCB<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

The Court of Appeals for the Ninth Circuit remanded this matter for this Court to determine whether Petitioner can establish cause and prejudice to excuse the procedural default of his claims alleging ineffective assistance of trial counsel, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *See Detrich v. Ryan*, 740 F.3d 1237, 1259 (2013) (en banc). Petitioner has filed a motion to stay these proceedings and hold them abeyance in order to return to state court to fully exhaust recently discovered constitutional claims. (Doc. 425.) Respondents filed a response in opposition to the motion and Petitioner has filed a reply. (Docs. 427, 430.) Respondents also filed a notice of errata to rectify a statement made in error in their response. (Doc. 432.) After fully considering the briefs and arguments, the Court declines to stay these proceedings.

I.    BACKGROUND

David Scott Detrich ("Petitioner") was convicted by a jury of the kidnapping and first-degree murder of Elizabeth Souter. *State v. Detrich*, 188 Ariz. 57, 60, 932 P.2d 1328, 1331 (1997). The trial judge sentenced Petitioner to death for the murder. *Id.* The Arizona Supreme Court affirmed Petitioner's convictions and sentences on appeal. *Id.*

1   Petitioner filed an amended habeas petition in this court, alleging several trial-counsel
2   ineffective assistance of counsel ("IAC") claims. The Court found many of the IAC
3   claims procedurally defaulted and, under then-governing law, rejected Petitioner's
4   argument that the ineffectiveness of his state post-conviction relief ("PCR") counsel
5   excused the procedural default of the claims. (Doc. 93 at 13–14.) After an evidentiary
6   hearing, this Court rejected Petitioner's non-defaulted claims on the merits. (Doc. 260.) A
7   three-judge panel of the Ninth Circuit reversed, and vacated Petitioner's death sentence.
8   *See Detrich v. Ryan*, 619 F.3d 1038 (9th Cir. 2010). The Supreme Court vacated that
9   decision and remanded in light of its decision in *Cullen v. Pinholster*, 563 U.S. 170
10  (2011). *Ryan v. Detrich*, 563 U.S. 984 (2011). On remand, the three-judge panel again
11  reversed this Court, and vacated the death sentence. *Detrich v. Ryan*, 677 F.3d 958 (9th
12  Cir. 2012). Now, an en banc panel of the Ninth Circuit has granted Petitioner's motion to
13  remand the appeal for this Court to decide Petitioner's *Martinez* motion. *Detrich,* 740
14  F.3d 1237.  After filing his post-remand supplemental brief in this Court, Petitioner
15  moved to stay these proceedings pending exhaustion of claims alleging previously
16  unknown violations of *Brady v. Maryland*, 373 U.S. 83 (1963).

17  Petitioner asserts that this court has the inherent power to utilize the stay and
18  abeyance procedure to control its docket, and contends that the Ninth Circuit's broad
19  remand allows this Court to consider all claims relevant to Petitioner's trial and
20  sentencing. Petitioner argues he would suffer significant hardship if the motion to stay
21  were denied. Respondents oppose the motion, asserting that the Court lacks jurisdiction
22  to consider any claims other than the defaulted IAC claims specifically remanded by the
23  Ninth Circuit, and that resolution of Petitioner's *Brady* claims in state court will have no
24  impact on the IAC claims at issue in this limited remand.

25  II.   ANALYSIS

26  A court may stay proceedings as part of its inherent power "to control the
27  disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. North American. Co.*, 299 U.S. 248, 254 (1936).[1] To properly evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or denial of a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55)). If the requested stay may cause "even a fair possibility" of harm, Petitioner bears the burden of establishing "a clear case of hardship or inequity in being required to go forward." *See Landis*, 299 U.S. at 255. The Court finds that the relevant factors do not weigh in favor of granting Petitioner's motion for a stay.

Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A), does not deprive courts of the authority to stay habeas corpus petitions, it "does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court has recognized that the stay and abeyance of federal habeas petitions is available only in limited circumstances because staying a federal habeas petition frustrates AEDPA's objectives of encouraging finality and streamlining federal habeas proceedings. *Rhines*, 544 U.S. at 277. If, as in this case, a stay of execution has been granted, this Court is tasked with the duty to "take all steps necessary to ensure a prompt resolution of the matter, consistent with its duty to give full and fair consideration to all of the issues presented in the case." *In re Blodgett*, 502 U.S. 236, 240 (1992). This Court has already issued a final judgment in this case, and, as Respondents correctly note,

---

[1] Although Petitioner has indicated his intent to move to amend his petition to include the newly discovered *Brady* claims, he has not done so. Thus, the Court is not confronted with a so-called "mixed petition"—containing some claims that have been exhausted and some that have not—and does not apply the test to determine whether a mixed petition should be stayed pending exhaustion of claims in state court. *See Rhines v. Weber*, 544 US. 269, 278 (2005) (holding that a "mixed petition" may be held in abeyance pending exhaustion of unexhausted claims in state court if the petitioner demonstrates good cause for the failure to exhaust the claims first in state court and shows that the claim is not plainly meritless).

a stay would only delay this Court's ruling on the remanded claims, but would provide no assurance of any enhanced reliability of the Petitioner's convictions or sentences.

Balanced against the State's interest in prompt resolution of the case, Petitioner contends, is the significant hardship he would face if the Court denies his motion. Specifically, Petitioner argues that, should the stay be denied, he will be forced to engage in simultaneous state and federal proceedings and, should the Court resolve the issues on remand while he is still litigating his *Brady* claims in state court, he may lose his opportunity to amend the *Brady* claims to his amended habeas petition. The Court finds that these concerns are neither valid, nor do they demonstrate a clear case of hardship.

Petitioner contends that the only safe way to preserve the *Brady* issues for future review, given the strict rules limiting federal courts from granting relief on second or successive petitions, is to stay these proceedings to ensure that the *Brady* issues are resolved before the conclusion of the post-remand *Martinez* proceedings.[2] (Doc. 425 at 5) (citing 28 U.S.C. §§ 2244(b)(1), (b)(2)). Staying this matter, however, will not facilitate Petitioner's ability to preserve his *Brady* claims because, having entered a final judgment in this case, this Court is without jurisdiction to address any claim that falls outside the scope of limited remand absent authorization from the Court of Appeals.

This Court has already denied Petitioner's federal habeas petition and entered final judgment, and is without jurisdiction to reopen the judgment for purposes of amendment. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) (recognizing that the filing of a notice of appeal divests the district court of jurisdiction to consider a motion for relief from judgment in the absence of a remand from the appellate court). Petitioner cites no authority that would support his claim that the Court, having

---

[2] Petitioner contends that he is not moving to amend the petition, and the Court need not now decide whether amendment would be possible, or whether the Petitioner would need to seek permission to file a second or successive petition. (Doc. 430 at 4.) Nonetheless, the Court addresses the possibility of amendment because Petitioner has cited the potential difficulty in bringing a second or successive petition as a source of hardship justifying the requested stay.

- 4 -

entered final judgment on the petition, would have jurisdiction to consider a new petition or a new claim without first receiving authorization from the Court of Appeals. *Gonzales v. Wong*, 667 F.3d 965 (9th Cir. 2011), cited by Petitioner, is inapposite. In *Gonzales*, the Ninth Circuit specifically remanded petitioner's *Brady* claim with instruction to stay and abey the federal habeas proceedings until Gonzales had an opportunity to present the new evidence to the state courts. Unlike the matter at hand, the Ninth Circuit in *Gonzales* specifically authorized the district court to consider the claim on remand. Although the Court of Appeals has remanded Petitioner's *Martinez* motion for consideration by this Court, consideration of the *Brady* claims in these post-remand proceedings would be outside the scope of limited remand in this case.

"The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). Thus, in the instant matter, the Court could not address a potential *Brady* claim if doing so would exceed the boundaries delineated by the mandate. The Ninth Circuit remanded this case for this Court to rule, "in the first instance, on [Petitioner's] *Martinez* motion. . . . and any trial-counsel IAC claims for which [Petitioner's] state-court procedural default is excused." *Detrich*, 740 F.3d at 1259. The Court agrees with Petitioner that this encompasses claims related to both Petitioner's trial and sentence. However, to the extent Petitioner is asserting that this language allows consideration of any claim other than previously raised and procedurally defaulted claims of IAC (*see* Doc. 430 at 3), the Court disagrees with such a broad interpretation. As Respondents correctly assert, in this limited remand the Court may consider only Petitioner's IAC claims that were found procedurally defaulted by this Court. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) ("[A] district court is limited by [the Ninth Circuit's] remand in situations where the scope of the remand is clear.").

Petitioner's argument erroneously presupposes the Court would have the authority to consider Petitioner's *Brady* claims in the first instance while it addresses the issues that

are before it on limited remand from the Court of Appeals. If a petitioner were to file a new petition while a previous habeas petition was still pending before this Court without a decision having been rendered, then the new petition could be construed as a motion to amend the pending petition. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). However, the *Woods* holding does not extend to the situation where, as in this case, the district court has ruled on the initial petition and proceedings have begun in the Court of Appeals, even if the district court has been directed to consider a remanded claim from the original petition. *Beaty v. Schriro*, 554 F.3d 780, 782–83 & n. 1 (9th Cir. 2009).

Because an appeal has been taken from this Court's final judgment, the Court lacks jurisdiction to consider any claims other than the procedurally defaulted ineffective-assistance claims specifically remanded by the Ninth Circuit. Because this Court is without jurisdiction to amend the petition or to otherwise consider Petitioner's new claims, granting a stay until the Court issues a ruling on the post-remand motions will not augment Petitioner's ability to preserve his *Brady* claims or to present them to this Court. Or, stated another way, denial of the motion will not cause Petitioner any additional hardship he does not already face in attempting to litigate his new *Brady* claims in federal court.

Petitioner also alleges he will suffer significant hardship if the motion to stay is denied by being "forced to engage in simultaneous state and federal court proceedings, splitting counsel's time between the litigation and diminishing counsel's ability to competently represent him." (Doc. 425 at 5.) This conclusory assertion, however, does not establish that Petitioner has been or will be harmed by continued simultaneous state and federal litigation. Petitioner's post-remand briefing is, at this stage, complete. The Court has reviewed the state court docket, and agrees with Respondents assertion that Petitioner has already identified, investigated, and substantially briefed his *Brady* claim for presentation to the state PCR court. The Court assumes counsel would not undertake representation of Petitioner in state court if counsel could not do so without harming Petitioner's interests; there is simply no reason at this time to believe that counsel cannot

1 competently represent Petitioner in both proceedings.

2     Finally, as Respondents conclude, Petitioner has not explained how the State's interest in comity, efficiency, or the prevention of wrongful executions would be affected by a stay in this case. Whether or not a stay is granted, Petitioner must exhaust his new *Brady* claims in state court and seek authorization from the Court of Appeals before presenting the claims in this Court. This procedure would not be made more efficient or more reliable, or better serve the interests of comity, if the Court stays its consideration of the *Martinez* issues pending exhaustion of Petitioner's *Brady* claims and authorization from the Ninth Circuit to raise these claims in federal court.

    Accordingly,

    IT IS ORDERED Petitioner's Motion to Stay and Abey (Doc. 425) is DENIED.

    Dated this 14th day of July, 2016.

David C. Bury
United States District Judge